### Fleming v. The State.

1. The court erred in admitting irrelevant testimony, calculated to prejudice the accused in the minds of the jury.
2. The verdict was without evidence to support it, and the court erred in refusing to grant a new trial.

Submitted February 19,—Decided March 22, 1906.

Accusation of gaming.    Before Judge Davis.    City court of Lexington.    January 2, 1906.

*Paul Brown,* for plaintiff in error.

*Hamilton McWhorter, Jr., solicitor,* contra.

Fish, C. J.    Jim Fleming was convicted of the offense of gaming, and excepted to the overruling of his motion for a new trial.

1. The court permitted a witness for the State, over the objection of the accused, to testify, "This gambling took place . . the same night Echols was killed at Mann Cox's." The objection was, that such testimony was irrelevant and tended to prejudice the accused in the minds of the jury. It appeared that the card-playing occurred on the same night and at the same place as the homicide referred to. It does not appear that the statement of the witness in reference to the killing of Echols was admitted for the purpose of showing when the alleged gambling occurred. There was no effort to fix the date of the one transaction by its coincidence with the proved date of the other occurrence. In exceptional cases this might, perhaps, be allowable, where the witness testifying in reference to an alleged crime is unable to say whether it occurred prior to the finding of the indictment, or the date of the accusation, or whether it occurred within the period covered by the statute of limitation, but knows that it occurred on the same day that some other occurrence of the character here indicated happened, the date of which could be established by other witnesses. Clearly, without some reason of this character existing, the statement with reference to the killing of Echols was irrelevant and inadmissible. The fact that there was a homicide, as well as the card-playing, alleged to be gambling, on the same night and at the same place might have prejudiced the case of the accused in the minds of the jury.

2. There was no evidence to warrant the jury in finding the accused guilty. The record indicates that the accused was tried upon an "accusation for gambling," but no copy of the accusation ap-

pears in the record: The bill of exceptions recites that the plaintiff in error was convicted of the offense of "gaming." The only witness for the State who claimed to have been present when the offense was alleged to have been committed testified: "I saw Jim Fleming, Oscar Dirt, Monroe Cox, and John Cox playing cards. They were playing at John Cox's house, under a shelter near John's house. . . I got there about 7.30 o'clock p. m., and they were playing then. . . I saw the boys playing cards. . . I told Mr. W. H. Stewart that the boys were not playing cards. I admit that I told him a lie. I told Mr. Stewart that Jim Fleming was not gambling. . . This gambling took place at the time John Cox killed Echols." It is clear that the evidence was not sufficient to authorize a finding that the accused was playing and betting at cards for money or other thing of value. "Gambling" means the playing of a game of chance or skill for stakes, or the betting on the result of the game, or gaming or playing for money. Anderson's Law Dict., "Gamble." While the witness testified that the accused was playing cards, there was no evidence that he was betting for money or other thing of value. The statement by the witness, that the accused was "gambling," was the mere opinion or conclusion of the witness, and clearly would not authorize a conviction. The court should have granted a new trial.

Judgment reversed. All the Justices concur.